**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| NUMAN KARTAL and HARSHAL RAVAL, | § | |
| *Plaintiffs* | § | |
| v. | § | Civil Action No. 3:18-cv-00315-M |
| CAFÉ ISTANBUL INC., NEW CAFÉ ISTANBUL INC., CAFÉ ISTANBUL LEGACY INC., and EROL GIRGIN, | § | |
| *Defendants*. | § | |

**JOINT REPORT**

Pursuant to the Court's Order entered on March 20, 2018, lead counsel for Plaintiffs and Defendants conferred on March 27, 2018 regarding this case. As a result of this conference and in compliance with the Court's Order, the parties submit the following Joint Status Report.

**I. A brief statement of the claims and defenses.**

1. Plaintiffs bring this case pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the Texas Minimum Wage Act, Chapter 62 Tex. Labor Code ("TMWA"). Plaintiffs seek the payment of unpaid minimum wages, unpaid overtime wages, liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

2. Defendants dispute Plaintiffs' allegations and contend that Plaintiffs Kartal and Raval were compensated in accordance with state and federal law.

**II. A proposed time limit to file motions for leave to join other parties.**

3. The parties shall file motion for leave to join other parties by July 13, 2018.

**III. A proposed time limit to amend the pleadings.**

4. The parties shall amend the pleadings by July 13, 2018.

**IV. Proposed time limits to file various types of motions, including dispositive motions.**

5. All motions, including dispositive motions, shall be filed by March 15, 2019.

**V. A proposed time limit for initial designation of experts.**

6. Parties shall make initial designation of experts by July 20, 2018.

**VI. A proposed time limit for responsive designation of experts.**

7. Parties shall make responsive designation of experts by August 3, 2018.

**VII. A proposed time limit for objections to experts.**

8. Parties shall make objections to experts by August 17, 2018.

**VIII. A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.**

9. Plaintiffs anticipate conducting discovery related to the following subjects: (a) Plaintiffs' dates of employment, hours of work and pay received (including tips); (b) Defendants' degree of control over the Plaintiffs and other factors that establish whether Plaintiffs were employees of each of the Defendants; (c) Defendants' annual gross sales; (d) factors that establish that Plaintiffs were employed by an enterprise engaged in commerce or in the production of goods for commerce; (e) Defendants' roles and duties in the administration of their business; (f) whether Defendants violated the FLSA and TMWA; and (g) whether Defendants willfully violated the FLSA.

10. Defendants anticipate conducting discovery related to Plaintiffs' allegations, compensation, and hours worked.

11. Parties shall complete all discovery by January 11, 2019. Discovery should not formally be conducted in phases or limited to or focus upon particular issues. However, the parties anticipate proceeding with discovery by initially exchanging records. After the exchange of records, the parties will assess the possibility of settlement. If the parties are unable to come to a

mutually acceptable resolution, they will proceed with remaining discovery efforts.

**IX. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

12. No changes should be made in the limitations on discovery, and no other limitations should be imposed.

**X. Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI.**

13. Plaintiffs will seek any electronic or computer-based payroll data and personnel information relating to Plaintiffs' employment, in addition to all electronic information referencing or constituting relevant communications maintained by Defendants.

14. The parties agree to take all reasonable measures to preserve potentially discoverable physical documents and electronic data, including metadata, from alteration or destruction in the ordinary course of business or through intentional spoliation since the filing of this lawsuit. Plaintiffs believe the following potentially discoverable electronic information and other records may exist and if these documents do exist, they must be preserved: payroll information, timekeeping information, credit and debit card sales information, and electronic communication.

15. The parties agree that, to the extent any electronic or computer-based records are subject to disclosure under Fed. R. Civ. P. 26 or production under Fed. R. Civ. P. 34, that, when production is required, Defendants will wherever possible do so in electronic format in the native form in which the Defendants maintained them in the ordinary course of business, or otherwise by agreement.

**XI. Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a court order.**

16. Parties have no proposals at this time.

**XII. A proposed trial date, estimated number of days required for trial and whether jury has been demanded.**

17. Parties' proposed trial date is July 15, 2019. Parties' estimated number of trial days is three, and no jury has been demanded.

**XIII. A proposed date for further settlement negotiations.**

18. Parties will at all times remain open to settlement, but if the matter remains pending will plan to conduct further settlement negotiations, including by exchanging concrete offers, by July 13, 2018.

**XIV. Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.**

19. Parties have no objections or modifications to the timing, form, or requirement for disclosures under Rule 26(a). Parties will make disclosures under Rule 26(a)(1) by April 16, 2018.

**XV. Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Rebecca Rutherford.**

20. Parties do not consent to trial before U.S. Magistrate Judge Rebecca Rutherford.

**XVI. Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case.**

21. Parties are amenable to mediation after at least some limited discovery. The parties will work together to identify a mutually-agreeable mediator.

**XVII. Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial.**

22. None.

**XVIII. Whether a conference with the Court is desired.**

23. No conference is desired.

**XIX. Any other matters relevant to the status and disposition of this case, including any**

**other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c).**

24. None.

Respectfully submitted,

By /s/ *Hannah Alexander*
**HANNAH ALEXANDER**
Texas Bar No. 24099310
**EQUAL JUSTICE CENTER**
1250 West Mockingbird Lane, Suite 455
Dallas, Texas 75247
Tel.: (469) 228-4226, ext. 302
Fax: (469) 941-0861
halexander@equaljusticecenter.org

**ANNA BOCCHINI**
Texas Bar No. 24057410
**EQUAL JUSTICE CENTER**
510 S. Congress Ave., Suite 206
Austin, Texas 78704
Tel.: (512) 474-0007, ext. 105
Fax: (512) 474-0008
abocchini@equaljusticecenter.org

**ATTORNEYS FOR PLAINTIFFS**

**BELL NUNNALLY & MARTIN LLP**

/s/ *Mark A. Shoffner*
Mark A. Shoffner
mshoffner@bellnunnally.com
Texas Bar No. 24037490
Katie Beaird
kbeaird@bellnunnally.com
Texas Bar No. 24092099
3232 McKinney Avenue, Suite 1400
Dallas, Texas 75204-2429
(214) 740-1400 Telephone
(214) 740-1499 Facsimile

**ATTORNEYS FOR DEFENDANTS CAFÉ ISTANBUL INC., NEW CAFÉ ISTANBUL INC., CAFÉ ISTANBUL LEGACY INC., and EROL GIRGIN**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of April, 2018, a true and correct copy of the foregoing document was served on the following party by my submission of the document to the U.S. District Court through the Court's ECF system:

Mark A. Shoffner
Bell Nunnally & Martin LLP
3232 McKinney Avenue, Suite 1400
Dallas, Texas 75204-2429
(214) 740-1400 Telephone
(214) 740-1499 Facsimile
mshoffner@bellnunnally.com

/s/ *Hannah Alexander*_____________