IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARSHAL RAVAL<br><br>*Plaintiff*<br><br>v.<br><br>CAFÉ ISTANBUL INC., NEW CAFÉ ISTANBUL INC., CAFÉ ISTANBUL LEGACY INC., and EROL GIRGIN<br><br>*Defendants* | § § § § § § § § § § § § § § § § | Civil Action No. 3:18-cv-00315-M |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff hereby files this Amended Complaint and respectfully shows as follows.

### I. NATURE OF THE SUIT

This is an action for unpaid wages brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* and the Texas Minimum Wage Act (TMWA), TEX. LAB. CODE Chapter 62. Plaintiff routinely worked more than forty hours per week as a server at Defendants' restaurants. Defendants consistently underpaid him, failing to pay both the state- and federally-mandated minimum wages, as well as one-and-one-half times Plaintiff's regular rate of pay for all of the hours he worked in excess of forty hours per workweek.

### II. THE PARTIES

1.  Plaintiff Harshal Raval is a resident of Texas. Plaintiff herein incorporates by reference his previously filed written consent to this action and Texas Minimum Wage Act verification (Dkt. 1-4, 1-5).

2.  Defendant Café Istanbul Legacy Inc. is a Texas corporation authorized to do

business in Texas and may be served with process through its registered agent, Erol Girgin, at 7300 Lone Star Dr., Ste. C160, Plano, Texas 75024.

3. Defendant New Café Istanbul Inc. is a Texas corporation authorized to do business in Texas and may be served with process through its registered agent, Erol Girgin, at 2833 Fondren Dr., Dallas, Texas 75205.

4. Defendant Café Istanbul Inc. is a Texas corporation authorized to do business in Texas and may be served with process through its registered agent, Erol Girgin, at 2833 Fondren Dr., Dallas, Texas 75205.

5. Defendant Erol Girgin is an individual who resides in Dallas County, Texas and may be served with process at his place of residence, 2833 Fondren Dr., Dallas, Texas 75205.

### III. JURISDICTION AND VENUE

6. Because Plaintiff has asserted claims arising under the FLSA, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's claims under the TMWA.

7. Venue is proper in the Northern District of Texas, pursuant to 28 U.S.C. § 1391(b)(1) and 1391(b)(2), because Defendant Girgin and the Defendant corporation Café Istanbul Inc. are based in this division.

### V. FACTUAL ALLEGATIONS

8. During the relevant period of this lawsuit, Defendants jointly owned and operated two restaurants: (1) Café Istanbul Legacy, located at 7300 Lone Star Dr., Suite 160 C, Plano, Texas 75024 and (2) Café Istanbul, which is now closed but was located at 5450 West Lovers Lane, Suite 222, Dallas, Texas 75209.

9. At all times relevant to this lawsuit, Defendants have operated an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r). The amalgamated enterprise has had gross annual sales in excess of $500,000.00 in each year relevant to this lawsuit, and has had two or more employees handling goods or materials that had been moved in or produced for commerce, such as cleaning supplies and food products manufactured outside of the state of Texas.

10. At all times throughout the relevant period when each eatery was in operation, Café Istanbul Legacy and Café Istanbul performed related activities for a common business purpose, as they are individual establishments of a retail restaurant chain engaged in the business of selling Turkish cuisine. The businesses have generally sold the same goods and provided the same services as each other, operated in a similar manner, and have had joint branding during the relevant period of this lawsuit. The establishments also have shared business practices with respect to employment.

11. Plaintiff worked at Defendants' Café Istanbul Legacy restaurant in Plano, as well as their now-closed Café Istanbul restaurant in Dallas. Plaintiff was employed by Defendants as a server at each restaurant, and his duties included taking customers' orders, answering customers' questions about the menu, bringing customers their food, and accepting payment, including swiping credit cards.

12. Plaintiff was jointly employed by Defendants at Defendants' restaurants from 2012 to spring 2018.

13. In every workweek subject to this litigation, Defendants promised to pay Plaintiff at a rate of $2.15 per hour, and claimed a tip credit in order to comply with the minimum wage requirement with respect to Plaintiff's pay.

14. Defendants' patrons regularly paid tips to the Defendants' servers; some tips were

paid in cash and some were paid by credit or debit card.

15. Defendants regularly failed to pay Plaintiff for all of his compensable hours worked, which brought his wages for those hours below the required minimum wage rate.

16. Plaintiff routinely worked more than forty hours per week, often working up to fifty-eight hours per workweek. Defendants failed to pay Plaintiff at a rate of one-time-and-a-half times his regular rate of pay for each hour worked in excess of forty hours per workweek. Instead, to the extent they compensated Plaintiff's overtime hours at all, Defendants simply paid Plaintiff his regular rate for his overtime hours worked. However, most of Plaintiff's overtime hours went wholly uncompensated by Defendants.

17. Throughout the relevant period of this lawsuit, Defendant Erol Girgin has had operational control over the Defendant corporations Café Istanbul Inc., New Café Istanbul Inc., and Café Istanbul Legacy Inc. Defendant Girgin is the president, secretary, and treasurer of Café Istanbul Inc. He is also the president, secretary, treasurer, and director of New Café Istanbul Inc. He is the director of Café Istanbul Legacy Inc. Defendant Girgin controls the work terms and conditions of the businesses' employees, including setting their pay rates, establishing their work duties, possessing the power to hire and fire employees, and maintaining business records.

18. At all material times, all Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to the Plaintiff.

19. At all times relevant to this action, Defendants knowingly, willfully, or with reckless disregard carried out the illegal pattern or practice of failing to pay all wages due to Plaintiff.

20. Plaintiff has fulfilled all prerequisites and requirements to bring this suit and obtain the relief sought herein.

## VI. CAUSES OF ACTION

### Fair Labor Standards Act

21. At all times relevant to this lawsuit, Defendants were the employers of Plaintiff within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* and Defendants were subject to the requirements of the FLSA.

22. During the relevant period, and by way of the facts set forth above, Defendants violated the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-207, by employing Plaintiff as an employee within the meaning of the FLSA and denying him both the minimum wage as well as proper overtime compensation for his hours in excess of forty each workweek. Plaintiff is entitled to relief pursuant to 29 U.S.C. § 216(b).

### Texas Minimum Wage Act

23. At all times relevant herein, Defendants were employers of Plaintiff within the meaning of the Texas Minimum Wage Act, Chapter 62, Tex. Labor Code, and Defendants were subject to the requirements of the TMWA.

24. During the relevant period, and by way of the facts set forth above, Defendants violated Plaintiff's rights under the TMWA by failing to pay Plaintiff the required minimum wage for every hour worked. Plaintiff is entitled to relief pursuant to Texas Labor Code § 62.201 and § 62.205.

## VII. RELIEF SOUGHT

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

A. For an Order pursuant to Section 16(b) of the FLSA, or alternatively under the Texas Minimum Wage Act, finding Defendants liable for unpaid minimum wages due to Plaintiff

and for liquidated damages equal in amount to the unpaid minimum wage compensation found due to Plaintiff;

  B. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid overtime wages due to Plaintiff and for liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff;

  C. For an Order awarding Plaintiff reasonable attorney's fees and costs;

  D. For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

  E. Such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

/s/ *Hannah Alexander*
**HANNAH ALEXANDER**
Texas Bar No. 24099310
**EQUAL JUSTICE CENTER**
1250 West Mockingbird Lane, Suite 455
Dallas, Texas 75247
Tel.: (469) 228-4226, ext. 302
Fax: (469) 941-0861
halexander@equaljusticecenter.org

**ANNA BOCCHINI**
Texas Bar No. 24057410
**EQUAL JUSTICE CENTER**
510 S. Congress Ave., Suite 206
Austin, Texas 78704
Tel.: (512) 474-0007, ext. 105
Fax: (512) 474-0008
abocchini@equaljusticecenter.org

**ATTORNEYS FOR PLAINTIFFS**